** Summary ** STATE EXAMINER AND INSPECTOR EMPLOYEES MAY NOT PREPARE COUNTY BUDGETS Regular full time or part time employees of the State Examiner and Inspector may not prepare county budgets in view of the requirements of 74 O.S. 1404 [74-1404](e)(f) (1971). To the extent that this opinion and Attorney General Opinion 69-340 are inconsistent, Attorney General Opinion 69-340 is hereby overruled. The Attorney General has considered your request for an official opinion wherein you ask: "Is it legal for full time or part time employees of the State Examiner and Inspector to prepare county budgets and receive payment therefor?" The statutory duties of the State Examiner and Inspector as related to county governmental units are found in 19 O.S. 171 [19-171], 74 O.S. 212 [74-212], 19 O.S. 177.1 [19-177.1] et seq. Title 19 O.S. 171 [19-171] provides for a biennial county audit of "all the officers of each county of this State . . ." Title 74 O.S. 212 [74-212] provides that the State Examiner and Inspector shall examine without notice "the books and accounts of each county treasurer of the State, twice each year. " In addition, under 74 O. S. 212, upon request of the county commissioners or by five percent of the legal voters in a county and with the approval of the Governor, an audit may be made by the State Examiner and Inspector of all or any of the officers of the county, or custodian of county funds. Under the terms of 74 O.S. 212 [74-212], the expense of the audit provided for by that section must be paid "out of the contingent fund of the county so examined. . ." Title 74 O.S. 227.6 [74-227.6] provides that: "All payments made by counties and county officers and other public officers to the State Examiner and Inspector for services or expenses in connection with the performance of the lawful duties of his office shall be made by warrant payable to the 'State Examiner and Inspector Revolving Fund' and such warrants shall be deposited in the State Examiner and Inspector Revolving Fund. All payments for salaries, compensation, travel expenses, and other expenses of the State Examiner and Inspector and his employees for services or expenses in connection with the performance of the lawful duties of his office with respect to the examination or audit of counties, county funds or other public funds shall be paid by state warrant from such State Examiner and Inspector Revolving Fund to the extent of available funds. From and after the effective date of this act no county, county officer, or other public officer shall make direct payment to any employee of the State Examiner and Inspector other than in accordance herewith." The preceding section provides for a specific, mandatory method of payment by the counties to the State Examiner and Inspector in connection with the performance of the lawful duties of his office. Attorney General Opinion No. 69-340 held that: ". . .That a county may legally pay the claim of a Deputy State Examiner who while acting in his private capacity and not a Deputy State Examiner, prepared a financial statement and budget for the county where the Deputy Examiner is a resident of the county where the claim is filed, but does not audit the books of the county, but uses the information obtained from the audit to prepare the financial statement and budget. . . ." The Code of Ethics for State Officials and Employees is found at Title 74 O.S. 1401 [74-1401](e)(f) (1971). It provides that no state employee shall: "(e) Receive any compensation that would impair his independence of judgment, for his services as an officer or employee of any state agency, from any source other than the State of Oklahoma, unless otherwise provided by law; or "(f) Accept other employment which would impair his efficiency or independence of judgment in the performance of his public duties." There is no express prohibition against counties seeking assistance in the preparation of their budgets, nor is there any express statutory prohibition of employees of the State Examiner and Inspector from assisting counties in preparing their budgets. However, the preparation of a county budget or statement of estimated needs for a county by an employee of the State Examiner and Inspector cannot be considered separately from the responsibilities imposed by statute on the State Examiner and Inspector to conduct county audits. An auditor employed by the State Examiner and Inspector could not maintain his independence of judgment in subsequently performing the statutorily required audit of the same county. Such independence of judgment is a requirement imposed by the Code of Ethics for State Officials and employees at 74 O.S. 1404 [74-1404](e)(f), supra. In addition, there would be a questionable independence of judgment where one employee of the State Examiner and Inspector's staff prepared a budget for a county on his own private time, and another employee subsequently performed the official statutory audit. Any analysis of county books and records during an official audit might not be completely independent and objective, if the auditor knew that a co-worker prepared the budget and statement of estimated needs, for the same county. Therefore, it is the opinion of the Attorney General that your question be answered in the negative. Regular full time or part time employees of the State Examiner and Inspector may not prepare county budgets in view of the requirements of 74 O.S. 1404 [74-1404](e)(f) (1971). To the extent that this opinion and Attorney General Opinion 69-340 are inconsistent, Attorney General Opinion 69-340 is hereby overruled. (Steven E. Moore) (Conflict of Interest, State Employees)